RLC:SJM
F. #2009R00531

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 09 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

HARVEY MILLER,

            Defendant.

- - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 09-0182 (DLI)
(T. 18, U.S.C., §§ 1349,
982(a)(2)(A), 982(b)(1)
and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

CONSPIRACY TO COMMIT BANK FRAUD

    1.   On or about and between February 1, 2005 and July 31, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARVEY MILLER, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Fremont Investment and Loan, Aurora Loan Services and Long Beach Mortgage Company, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

    (Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant HARVEY MILLER that, upon his conviction for the crime charged in this Information, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of any such offense to forfeit any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense, including, but not limited to, a sum of money equal to at least approximately $30,000.00.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

3

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1))

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK